Daly, F. J.
A court of equity will enforce a parol agreement for a joint interest in land where the party seeking to enforce it has executed the agreement fully on his part, by the payment of all that he was to pay under it, and where it is inferrable from the circumstances that the party refusing to perform designed to perpetrate a fraud, which, if a specific performance were not decreed, he might be able to accomplish, his pecuniary ability being so doubtful as to make it uncertain whether the other party could recover back the money he had paid (Walker v. Walker, 2 Atk., 100; Lacon v. Merkins, 3 Id., 1; Frame v. Dawson, 14 Ves., 386; Story Eq., §§ 759, 760; Williard Eq., 284).
A partial payment of the purchase money will not take a case out of the operation of the statute, because the legislature hav ing said that it should have that effect in the case of goods, and having omitted to say so in respect to lands, it is to be inferred that they meant that a partial payment should not make the contract binding in the case of lands (Clinan v. Cooke, 1 Sch. & R., 41). But the same inference does not follow- where the whole amount is paid. The contract is then fully executed by one, and equity demands that the other should be compelled to perform his part of it. “ Where one part of the agreement,” said Lord Hardwicks, in Walker v. Walker (supra), “ is per- *226 “ formed on one side, it is but common justice that it be carried into execution on the other.”
Such is the present case, as it appears on the evidence now before me. The defendant McMullin bought a lot, with an unfinished house upon it, at auction, and being unable to pay the whole of the sum required as a deposit upon the sale, he agreed by parol with the plaintiff to give him an equal interest in the purchase, if the plaintiff would pay one half of the deposit, and one half of the other installments as they become due. The plaintiff accordingly paid one half of the deposit, and when the next payment became due, McMullin being unable to pay the whole of his proportion, the plaintiff had to pay the principal part of it in addition to his own, and, when the final payment was made, the plaintiff had paid three hundred and ninety doldollars, and McMullin but one hundred and fifty dollars. It was also a part of the agreement that the house should be finished at their joint expense, and that, when completed, the house and lot should be sold, and whatever profit was made upon the sale should be equally divided between them. These payments having been made, a mortgage was given for the residue of the purchase money, and by an arrangement suggested by McMullin, the property was conveyed to' the defendant Fenner, an irresponsible person, who was to hold the title until the building was finished, and a sale of the property was effected. Six months elapsed without anything being done upon the building, and now McMullin and Fenner, co-operating together, repudiate the agreement; and upon this state "of facts being shown, they fall back upon the statute of frauds, and ask me to dismiss the complaint.
If a transaction like this could be consummated by reason of the statute, it might be justly characterized as a statute rather for the encouragement than for the prevention of frauds. It would be a reproach to the law if the aid of a court of Equity could not be invoked in such a case. Its right to interpose may be rested upon three grounds: 1. That the plaintiff has executed his part of the agreement by paying even much more than he was bound by the terms of it to pay. 2. That the facts warrant the presumption of a fraudulent design on the part of the defendants McMullin and Fenner. 3. That Fenner is irresponsible, and it is to be inferred that McMullin *227 is a person of little or no pecuniary ability, as he was unable to meet his proportion of the payments as they fell due, making it highly probable that the plaintiff would lose what he has paid, if the Court should refuse to compel a specific performance of the contract. The motion to dismiss the complaint will, therefore, be denied, and the defendants will have to go into their defence, if they have any.